# UNITED STATES v. GUNNISON.

APPEAL FROM THE COURT OF CLAIMS.

No. 484. Submitted December 3, 1894. — Decided December 17, 1894.

G. was a shipping commissioner at Mobile from June, 1889, to February, 1890.
In November, 1889, the Secretary of the Treasury notified him that his
compensation would thereafter be at a sum not exceeding $100 in any
one month, and that no pay additional to that compensation would be
allowed him for his services. In December, 1889, January, 1890, and
February, 1890, each, he rendered an account claiming $25 in each month
for salary of a clerk, payment of which being refused, he brought this
action. *Held*, that he was not entitled to recover.

THE appellee sued in the court below to recover certain fees
and clerk hire which he claimed to be due for services rendered
as shipping commissioner at the port of Mobile from June 18,
1889, to February, 1890. The claim was for $1607 and costs.
There was judgment below in his favor for $75, being $25 a
month for clerk hire during the months of December, 1889,
and January and February, 1890. From this judgment the
United States appealed.

*Mr. Assistant Attorney General Dodge* and *Mr. Samuel A.
Putnam* for appellants.

*Mr. George A. King* for appellee.

MR. JUSTICE WHITE delivered the opinion of the court.

The findings of fact in the court below were as follows:

"I. The claimant was a shipping commissioner at the port
of Mobile, Ala.

"During the term of his service he made a detailed report
monthly to the Secretary of the Treasury of his services and
the fees provided by law, with a full, exact, and itemized
account of receipts and expenditures.

"For the months of December, 1889, and January and
February, 1890, his returns were as follows:

Opinion of the Court.

Fees provided by law.

December, 1889, paid salary of clerk, $25............ $262 75

January, 1890, paid salary of clerk, $25............ 311 75

February, 1890, paid salary of clerk, $25........... 284 50

"On each of said accounts the Secretary made and signed the following endorsement:

"'Approved in the sum of one hundred dollars, ($100,) and respectfully referred to the First Auditor, who will please state an account in favor of the U. S. shipping commissioner for the amount found due, payable from the appropriation for "Salaries, shipping service."

"'The services enumerated within appear to have been necessarily rendered.'

"The account was stated by the Auditor, admitted and certified by the Comptroller, and paid to claimant in accordance therewith, except that the services of the clerk were wholly omitted from the account.

"II. Previously to that time the Secretary of the Treasury had fixed the compensation of said claimant not to exceed the sum of $100 a month by a letter addressed to him, as follows:.

"'WASHINGTON, D. C., *November* 23, 1889.

"'*U. S. Shipping Commissioner, Mobile, Ala.*

"'SIR: From and after the 1st proximo the compensation allowed you under section 1 of the act of June 19, 1886, will not exceed the sum of one hundred dollars ($100) in any one month. If the services performed by you in any month do not warrant the payment of one hundred dollars under the existing regulations, your compensation for that month will remain as heretofore fixed. No pay additional to the monthly compensation herein mentioned will be allowed for your services as shipping commissioner.

"'Respectfully yours,

"'C. S. FAIRCHILD, *Secretary.*'"

The law governing the compensation of shipping commissioners is found in the Act of June 26, 1884, c. 121, § 27, 23 Stat. 53, 59, and of June 19, 1886, c. 421, § 1, 24 Stat. 79. By

the first of these statutes (that of June, 1884) it is provided that —

" Shipping commissioners shall monthly render a full, exact, and itemized account of their receipts and expenditures to the Secretary of the Treasury, who shall determine their compensation, and shall, from time to time, determine the number and compensation of the clerks appointed by such commissioner, with the approval of the Secretary of the Treasury, subject to the limitations now fixed by law."

And also that —

" All fees of shipping commissioners shall be paid into the Treasury of the United States, and shall constitute a fund which shall be used under the direction of the Secretary of the Treasury to pay the compensation of said commissioners and their clerks, and such other expenses as he may find necessary to insure the proper administration of their duties."

By the second statute (June 19, 1886) it is provided that —

" Shipping commissioners who are paid wholly or partly by fees shall make a detailed report of such services and the fees provided by law to the Secretary of the Treasury, under such regulations as that officer may prescribe ; and the Secretary of the Treasury shall allow and pay from any money in the Treasury, not otherwise appropriated, said officers such compensation for said services as each would have received prior to the passage of this act; also such compensation to clerks of shipping commissioners as would have been paid them had this act not passed: *Provided,* That such services have, in the opinion of the Secretary of the Treasury, been necessarily rendered."

We think it clear that the right of a shipping commissioner to employ clerks under these provisions depends on the sanction of the Secretary of the Treasury. Indeed, the act of 1884 expressly so says. The act of 1886, while making some changes as to the method of compensating the commissioners, specifically provides that the clerks of such commissioners shall receive such compensation as would have been paid to them if that act had not passed. If the last act did not repeal the act of 1884, the plaintiff could not recover without

the endorsement of the Secretary of the Treasury, since that act gives him the right to determine the number and the compensation of clerks to be appointed by the commissioner. If the act of 1884 was repealed by the act of 1886, the plaintiff was equally without the right to recover clerk hire, because under the act of 1886 the amount of compensation to be paid to the commissioner or his clerk depends altogether on the judgment of the Secretary of the Treasury, who is required by that act to certify that such services appeared to have been necessarily rendered.

The Secretary formally notified the shipping commissioner in November, 1889, previous to the month for which clerk hire was claimed, that his compensation would be limited to $100 per month, and that no additional compensation would be allowed. When the vouchers were presented, including the items of clerk hire, the Secretary approved them only for $100 per month. This allowance necessarily excluded the clerk hire.

The court below based its ruling upon the fact that, in approving the vouchers up to the amount of $100, the Secretary made the statement that " the services enumerated appear to have been necessarily rendered." But this language of the Secretary was that which the statute required him to use in affixing his approval. As he only approved up to $100, which excluded the clerk's pay, the language must necessarily be applied only to the services which he approved, and not to those which he disapproved. To hold otherwise would be to say that, although the Secretary rejected the items for clerk hire, he yet approved them. The error below results from considering the Secretary's certificate as referring to other services than those which he approved.

*Judgment reversed, and case remanded with directions to render judgment for the United States.*