## UNITED STATES *v.* REED.

## UNITED STATES *v.* REED.

### APPEALS FROM THE COURT OF APPEALS FOR THE SECOND CIRCUIT.

Nos. 189, 190. Argued March 10, 11, 1897.—Decided May 24, 1897.

The act of June 19, 1886, c. 421, 24 Stat. 19, did not repeal the provisions of the act of June 26, 1884, c. 121, 23 Stat. 59, as respects expenditures by shipping commissioners other than for clerks.

THESE were suits brought by James C. Reed, shipping commissioner of the United States at the port of New York, to recover, respectively, the amount expended by him for rent of office and storage rooms for his official use from March 1, 1891, to April 1, 1893, and the amount of certain expenses which he incurred between July 1, 1886, and March 1, 1891, in maintaining his office and discharging his duties, including rent of the said rooms from April 1, 1890, to March 1, 1891.

The petition in No. 189, asking judgment for the sum of $3125, was filed in the Circuit Court of the United States for the Southern District of New York on April 7, 1893. The Government filed a general answer on June 21 of the same year, and the case was referred, by consent, to a referee, who took the evidence presented by the parties and reported the same, together with his opinion, to the court. Upon the com-

ing in of this report, the court, on August 26, 1893, filed its findings of fact and conclusions of law. The facts stated in the findings were substantially as follows :

The petitioner assumed the duties of his office prior to July 1, 1884, and on or about August 26 of that year the Secretary of the Treasury, pursuant to the provisions of the act of Congress entitled "An act to remove certain burdens on the American merchant marine, and encourage the American foreign-carrying trade, and for other purposes," approved June 26, 1884, fixed the compensation of the petitioner at the sum of $4000 per annum, and in addition thereto one half of the net surplus of the receipts of his office from fees earned, less the amount of salaries and expenses paid ; limiting the amount of such compensation, however, to the maximum sum of $5000 in any one year. The petitioner continued to hold the office and discharge the duties thereof from July 1, 1884, to the date of the filing of the said findings of fact, and within the period between July 1, 1884, and April 1, 1893, no change was made in the amount of his compensation, and the same was allowed and paid him at the rate of $5000 per year. For the time between the opening of the fiscal year commencing March 1, 1891, and April 1, 1893, the surplus earnings of the office, of service fees, exceeded the necessary expenses incident to the conduct of the business of the office, including the compensation of the petitioner, by the sum of $14,551.29.

From July 1, 1884, to May 20, 1886, the office of the petitioner was situated at 187 Cherry street, in the city of New York, and the rental of the premises, together with all other expenses incident to the office of shipping commissioner, and to the discharge of the duties thereof, were paid by the United States. On or about May 20, 1886, the office was removed, by direction of the Secretary of the Treasury, from Cherry street to the United States barge office, in the said city, a building owned by the Government, and the expenses incident to the removal and to the fitting up of the petitioner's office in that building were paid by the United States.

On or about April 10, 1890, the petitioner, by direction of the Secretary of the Treasury, removed from the barge office,

and procured offices at 25 Pearl street, and storage room for deceased seamen's effects at 19 Pearl street, at an annual rental of $1500. Between March 1, 1891, and April 1, 1893, the petitioner incurred expenses, and was obliged to make and did make disbursements on account of rent of the said premises in Pearl street, amounting in the aggregate to the sum of $3125.

. The court further found that the said expenditures were incident to the office of shipping commissioner; that the said sum was a reasonable charge for the said premises, that the United States duly authorized the occupation by the petitioner of the premises and the expenditures incurred and proposed to be incurred therefor; that the petitioner had duly demanded the said amount from the United States, and that no part thereof had been paid.

In No. 190, the petition asking judgment for $4035.17 was filed in the said court on March 27, 1891, and the general answer of the Government on June 10, 1891. The court's findings of fact and conclusions of law were filed April 6, 1893, on which day, reference of the case having theretofore been made as in No. 189, the report of the referee was submitted.

The findings in this case were essentially similar to those in No. 189 concerning the fixing of the petitioner's compensation, his continuance in office and his receipt of the maximum compensation during the time covered by his claim, his occupation of rooms in Cherry street and his removal therefrom to the barge office, and thence, on April 10, 1890, to rooms in Pearl street, and the payment by the United States of the expenses of the office in Cherry street and of the removal to the barge office. The court further found that for the period between the opening of the fiscal year commencing July 1, 1886, and March 1, 1891, the surplus earnings of the office of the petitioner of service fees exceeded the necessary expenses incident to the discharge of the duties of the office, including the compensation of the petitioner, by the sum of $24,795.01; that between July 1, 1886, and March 1, 1891, the petitioner incurred sundry expenses, and was obliged to make and did

make sundry disbursements amounting in the aggregate to $4033.71 for necessaries incident to the duties imposed upon him by statute as shipping commissioner, including rent of the said office and storage rooms in Pearl street from April 10, 1890, to March 1, 1891, furnishing cost of removal, stationery, telephone, Maritime Register, ice, freight on blanks, safe deposit vault, telegrams, repairs, etc.; that the said amount was a reasonable expenditure for the purposes for which it was disbursed; that reports were made monthly by the petitioner to the Secretary of the Treasury, which reports contained the items of the receipts of the office and of the expenditures incurred and proposed to be incurred; that the petitioner had demanded of the United States payment of the said sum, and that no part of the same had been paid.

The court's conclusions of law in each case were " that the Secretary of the Treasury was authorized to determine the compensation of the petitioner as shipping commissioner at the port of New York, and having exercised such authority, the compensation of the petitioner remained as so fixed (to wit, five thousand dollars per annum); that the Secretary of the Treasury is authorized to regulate the mode of conducting the business in the shipping offices; that all expenditures made by shipping commissioners in discharge of their duties imposed upon them by the statutes of the United States or the regulations of the Treasury Department are to be audited and adjusted in the Treasury Department." Further, as conclusions of law, the court found in No. 189 that the petitioner was entitled to have and receive from the United States the sum of $3125, and in No. 190 that he was entitled to have and receive from the United States the sum of $4033.71. Judgment in No. 189, for the sum of $3125, was rendered in favor of the petitioner on August 26, 1893, and in No. 190, for the sum of $4033.71, on April 6, 1893.

In each case an appeal was taken by the Government to the United States Circuit Court of Appeals for the Second Circuit, where on June 4, 1894, and May 2, 1894, respectively, the said judgments were affirmed. On October 5, 1894, the Government appealed in each case to this court.

*Mr. G. E. P. Howard* for Reed. *Mr. Elihu Root* was on his brief.

*Mr. Assistant Attorney General Dodge* for the United States. *Mr. Samuel A. Putnam* was on his brief.

MR. JUSTICE SHIRAS, after stating the case, delivered the opinion of the court.

These are appeals from the United States Circuit Court of Appeals for the Second Circuit.

James C. Reed, the appellee, who for several years was the shipping commissioner at the port of New York, obtained judgments in the Circuit Court for the Southern District of New York, for moneys which he had expended and disbursed between the first day of July, 1886, and the first day of April, 1893, in payment of expenses incident to the discharge of the duties imposed upon him as such shipping commissioner by the statutes of the United States.

In No. 189, the only question involved is the right of the appellee to be reimbursed for the rent of the commissioner's offices.

No. 190 involves both the question of rent, for another period of time, and the further question of the right to be reimbursed for certain other expenses incidental to the office.

Reed was originally appointed shipping commissioner by the Circuit Court for the Southern District of New York on May 12, 1884. At that time the law relating to the duties and compensation of that office was contained in sections 4501, 4505, 4507, 4592, 4593 and 4594 of the Revised Statutes.

By the principal provisions of these sections, affecting the matter in hand, the commissioner was authorized to employ clerks to assist him in the transaction of the business at his own proper cost, and to lease, rent or procure, at his own cost, suitable premises for the transaction of business, and for the preservation of the books and other documents connected therewith — which premises should be styled the shipping commissioner's office. Certain fees for the several acts of

service were made payable to the commissioner, for which a fee bill was to be prepared and conspicuously placed in the office. Out of such fees, for the purpose of reimbursing himself, the commissioner was entitled to deduct and retain any sums not exceeding the sums specified in the schedule, but it was provided, in section 4594, that "in no case should the salary, fees and emoluments of any officer appointed under this title be more than five thousand dollars per annum, and any additional fees should be paid into the Treasury of the United States."

By the act of June 26, 1884, c. 121, Congress amended the law, as follows:

"SEC. 27. That section forty-five hundred and one of the Revised Statutes is hereby amended so as to read as follows:

"SEC. 4501. The Secretary of the Treasury shall appoint a commissioner for each port of entry, which is also a port of ocean navigation, and which, in his judgment, may require the same; such commissioner to be termed a shipping commissioner, and may, from time to time, remove from office any such commissioner whom he may have reason to believe does not properly perform his duty, and shall then provide for the proper performance of his duties until another person is duly appointed in his place; provided, that shipping commissioners now in office shall continue to perform the duties thereof until others shall be appointed in their places. Shipping commissioners shall monthly render a full, exact and itemized account of their receipts and expenditures to the Secretary of the Treasury, who shall determine their compensation, and shall from time to time determine the number and compensation of the clerks appointed by such commissioner, with the approval of the Secretary of the Treasury, subject to the limitations now fixed by law. The Secretary of the Treasury shall regulate the mode of conducting business in the shipping offices to be established by the shipping commissioners as hereinafter provided, and shall have full and complete control over the same, subject to the provisions herein contained; and all expenditures by shipping commissioners shall be audited and adjusted in the Treasury Department in the mode and manner

provided for expenditures in the collection of customs. All fees of shipping commissioners shall be paid into the Treasury of the United States, and shall constitute a fund which shall be used under the direction of the Secretary of the Treasury to pay the compensation of said commissioners and their clerks and such other expenses as he may find necessary to insure the proper administration of their duties." 23 Stat. 59.

. Reed was continued in office by the appointment of the Secretary of the Treasury under this act of 1884, and remained in the discharge of his duties until after the 1st of April, 1893.

In pursuance of that provision of the act of 1884, which directed that the Secretary of the Treasury should determine the compensation of the shipping commissioner, that officer, on September 12, 1884, wrote to Reed that the department, on the 26th August, had determined to allow him compensation as shipping commissioner at the rate of $4000 per annum and one half of the net surplus of the fees collected by him after the payment of salaries and expenses authorized, "such compensation not to exceed the maximum limited by law, it being understood that from such compensation you shall pay all your official expenses except for employés and rent, and that the compensation and all expenses shall not exceed the aggregate of the fees collected and deposited during the year."

Under this arrangement Reed rendered monthly accounts, charging against the fees earned in his office both the rent of the office occupied by him and all the other expenses of the character included in the present judgments, and all of these charges were regularly allowed to him by the Secretary of the Treasury, down to and including the month of June, 1886.

In June, 1886, offices were provided for the shipping commissioner of New York in the barge office, a government building at that port. He removed to the barge office, and the expenses of his removal were audited and allowed by the Secretary of the Treasury under date of June 18, 1886.

On June 19, 1886, the law was further amended by an act which abolished the payment of fees, and which provided that shipping commissioners who theretofore had been paid wholly

or partly by fees should make a detailed report of such services, and the fees provided by law, to the Secretary of the Treasury, under such regulation as that officer should prescribe; and that the Secretary of the Treasury should allow and pay, from any money in the Treasury not otherwise appropriated, said officers such compensation for said services as each would have received prior to the passage of the act; also such compensation to clerks of shipping commissioners as would have been paid them had the act not been passed; provided that such services had, in the opinion of the Secretary of the Treasury, been necessarily rendered. Act of June 19, 1886, c. 421, 24 Stat. 79.

After, and since the passage of this last statute the Secretary of the Treasury failed to allow to Reed any of his expenses, for rent or otherwise, upon the ground that Congress had failed to make any appropriation for that purpose; and Reed continued to pay out of his own pocket said rent and expenses until the expiration of his term of office. During this period the Secretary of the Treasury sent several communications to Congress, reminding that body that since July, 1886, no appropriations had been made to cover the expenses of the office of shipping commissioners, and recommending that such appropriations should be made.

It is not claimed on behalf of the government that the rent and expenses included in the judgment were not proper and necessary and actually incurred and paid by him.

Reed's compensation was fixed by the Secretary of the Treasury, under the act of 1884, at the rate of $4000 and one half of the net surplus collected by him after the payment of salaries and expenses authorized, and it was also directed by the Secretary that Reed should pay all official expenses except for employés and rent. By the act of 1886 it was provided that his compensation would be such as he would have received had that act not been passed.

We agree with the Court of Appeals in thinking that the act of 1886 did not repeal the provisions of the act of 1884 as respects expenditures by shipping commissioners other than for clerks. There is no repealing clause, there is no reference

to such expenditures, nor any implication of any intention to impose the burden of maintaining suitable premises for the transaction of the business upon the commissioner; and we think that the commissioner was not required, under the act of 1886, to pay out of his compensation expenses of the office which before that act were paid by the government. If before the act of 1886, Reed received $5000 for services and the government paid the rent and other expenses, and after the passage of the act he would receive $5000 and pay the rent and expenses himself, he could not, under the latter construction, receive the same compensation as before.

It is true that under the Revised Statutes prior to the act of 1884, the commissioner was to lease, rent or procure at his own cost the premises in which to do business, and had also to pay all the other expenses of his office. But during that period he had all the fees of the office. The fees were taken from him by the act of 1884, and the Treasury was directed by that act to assume payment of all expenses, as is seen in its language, as follows:

"All expenditures by shipping commissioners shall be audited and adjusted in the Treasury Department in the mode and manner provided for expenditures in the collection of customs. All fees for shipping commissioners shall be paid into the Treasury of the United States, and shall constitute a fund, which shall be used under the direction of the Secretary of the Treasury of the United States to pay the compensation of said commissioners and their clerks, and such other expenses as he may find necessary to insure the proper administration of their duties." 23 Stat. 59.

The record discloses that the Secretary of the Treasury construed the act of 1884 as directing him to allow for rent and expenses similar to those included in these judgments; and that he did not contend that the act of 1886 changed the rights of the commissioner in these particulars, but that he excused the non-payment of rent and expenses because Congress had failed to make the proper appropriation.

The government's brief cites the case of *United States* v. *Gunnison*, 155 U. S. 389. But that was a case where it was

held that a shipping commissioner at Mobile was not entitled to moneys paid for clerk hire, for the reason that the Secretary of the Treasury had formally notified the shipping commissioner, previous to the time for which the clerk hire was claimed, that his compensation would be limited to one hundred dollars per month, and that no additional compensation would be allowed. When he presented his vouchers, including the items for clerk hire, the Secretary approved them only for one hundred dollars per month.

The government's claim that the commissioner was to meet rent and expenses out of his salary might result in the application of his entire salary to that purpose. We are not willing to construe the statute so as to require so unreasonable a result.

Without pursuing the subject into further detail, we are of opinion that the Circuit Court did not err in sustaining the commissioner's claims for reimbursement, and the decree of the Circuit Court of Appeals is accordingly

*Affirmed.*